IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HARRIS & KARLA HUDSON, )
)
Plaintiffs, )
) 2:14-cv-13630
v. )
)
WAYNE COUNTY AIRPORT AUTHORITY,)
)
Defendant. )
)
______________________________________/

NYMAN TURKISH PC
Jason M. Turkish (P76310)
Melissa M. Nyman (293207)
20700 Civic Center Drive, Suite 115
Southfield, Michigan 48076
Phone: (248) 284-2480
Jason.Turkish@NymanTurkish.com
Melissa.Nyman@NymanTurkish.com

*Attorneys for Plaintiffs*
______________________________________/

**VERIFIED COMPLAINT**

Plaintiffs, Michael Harris and Karla Hudson, hereby sue the Wayne County Airport Authority, and state as follows:

**INTRODUCTION**

1. Plaintiffs bring this action to prevent Defendant Wayne County Airport Authority's imminent plan to relocate public transportation services from the Arrivals Level of the McNamura Terminal to the Ground Transportation Center ("GTC") at Detroit Metro Airport ("DTW"), a location posing numerous accessibility issues in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA").

2. Defendant's planned move of public transit services, which is to take place on Monday, September 22, 2014 discriminates against Plaintiffs, and others similarly situated, by forcing the public transportation companies to load and unload their passengers in an inaccessible area with numerous violations of the Americans with Disabilities Act.

3. By ignoring the needs and dignity of Plaintiffs, and other disabled persons similarly situated, while traveling to and from the airport, Defendant treats them as second-class citizens, unjustly disregards their basic rights to equality and dignity, and causes embarrassment, humiliation, harassment, and emotional distress. Additionally, by moving transit access to an inaccessible area, Defendant's plans will needlessly subject the Plaintiffs, and those similarly situated, to unnecessary risk of bodily injury and death. Therefore, Plaintiffs seek declaratory relief stating the Defendant's announced course of conduct violates the Americans with Disabilities Act and injunctive relief preventing Defendant from moving the current transit facilities to an inaccessible location to those passengers with disabilities.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under federal statutes, specifically the Americans with Disabilities Act. In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. §§ 2201-02 and jurisdiction over Plaintiff's claims for injunctive relief pursuant to 15 U.S.C. § 1116.

NT
NYMAN
TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

5. Venue is proper in the Eastern District of Michigan, Southern Division, because the Defendant is situated within the district pursuant to 28 U.S.C. § 1391, and because the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this district.

**PARTIES**

6. Plaintiff, Michael Harris, presently the Executive Director of the Michigan Paralyzed Veterans of America, is an individual who uses a wheelchair, living in Westland, Michigan.

7. Plaintiff, Karla Hudson, is a totally blind individual who lives in East Lansing Michigan.

8. Plaintiffs have standing to bring the present cause of action.

   a. Plaintiffs are physically disabled according to the definition provided by the ADA as they are either "legally blind" or "substantially impaired in the major life activity of walking."

   b. Both Plaintiffs have traveled through DTW in the past and plan to visit the facility in the future and wish to have equal access to public transit facilities.

   c. Defendant's announced course of conduct will result in Plaintiffs being denied proper access and mobility when using Detroit Metro Airport, where they both travel to and from, and thus deny their rights as provided to them by the ADA.

9. Wayne County Airport Authority is a public, government entity within the meaning and definition of the ADA as it was chartered by the Michigan Legislature in 2002.

**FACTUAL ALLEGATIONS**

10. The Wayne County Airport Authority is the government chartered entity that oversees Detroit Metro Airport ("DTW").

11. Plaintiffs currently have access to and from DTW via public transportation companies, such as SMART and AirRide, and wish to continue to have access in the future.

12. The current drop-off location for SMART and AirRide is at the International Arrivals Level of the McNamura Terminal of DTW, which is an accessible and ADA-compliant location.

13. Effective Monday, September 22, 2014, SMART and AirRide transportation services will be relocated to the Ground Transportation Center.

14. Defendant announced its plan to relocate SMART and AirRide transportation services on its website, made available to the general public and to the Plaintiffs at: http://www.metroairport.com/GroundTransportation.aspx

15. Defendant claims the relocation of SMART and AirRide is due to safety and congestion concerns, however Great Lakes Bus, the shuttle for airport employees that makes approximately 168 roundtrips per day as compared to the 13 roundtrips by AirRide, will not be relocated from the same current location.

16. The new location at the GTC presents serious accessibility problems, and thus is in violation of the Americans with Disabilities Act, the potential violations of the ADA include, but are not limited to, the following:

a. The traffic at the GTC is heavily congested as it also serves cabs, charter buses, and shuttle services for hotels, parking lots and rental cars, and fails to provide safe pedestrian access to persons with disabilities.

b. The proposed area for buses to stop takes place in three spots in two side-by-side lanes, one lane along the curb, and the other the middle lane with an active traffic lane on its other side.

NT
NYMAN
TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

    c. If a bus is parked in each of the lanes, the bus in the curb-side lane blocks the bus in the middle lane from deploying its wheel chair lift as there is simply not enough room.

d. When all three unloading spots are occupied, passengers loading and unloading from a bus in the middle lane are forced to exit between vehicles and cross over a lane of traffic, an action which could result in severe bodily harm and/or death, especially if this person is blind and unable to see the potential dangers.

e. The new location at the GTC is approximately 100 yards from the nearest indoor area of the airport, as opposed to 50 feet in the McNamura Terminal at the present location, thus forcing people to either wait outside for their bus or run quickly once it arrives. Disabled persons, especially those with mobility limitations, who cannot "run" quickly enough are thus forced to wait outside, even in harsh weather conditions.

f. The GTC severely limits a disabled person's access to and communication with Prospect Airport Services, a service used by disabled persons to assist them in getting around at the Airport, thereby leaving them stranded, and without access to reasonable accommodations.

NT
NYMAN
TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

g. The obscure location of the elevators in the GTC is unclearly marked and difficult to find, creating further hurdles and frustration for disabled persons seeking to use them.

h. The covered shelters at the GTC are not large enough for someone who uses a wheelchair to maneuver inside without blocking entrances and other people,

which could result in embarrassment, frustration, and being forced to wait outside in treacherous weather.

i. Unlike the current location inside the McNamura Terminal, the GTC does not have a service animal relief area, which could result in frustration and hardship for the disabled person and his or her service animal alike.

j. Passengers traveling from the McNamara Terminal to the new transit pickup location outside of the GTC must either choose to travel directly out "side doors" that exit to active lanes of traffic, or go through a revolving door, which when often broken is inaccessible to those with mobility impairments. To wit, the Detroit Free Press in 2009 reported that the door had broken 33 times from April 1, 2008 to March 22, 2009.

17. Upon information and belief, Defendant is aware of the significant issues posed to the disabled should they move SMART and AirRide to the GTC, yet they are insistent in moving forward with their announced plan.

18. After numerous pleas to not move SMART and AirRide to the GTC went unanswered by the Defendant, their Board met one final time on September 18, 2014 and failed to take action to prevent the impending relocation from occurring.

NT
NYMAN
TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

19. Kirk Studley, Director of Michigan Department of Transportation, at a public hearing on September 18, 2014 before the Michigan Transportation Commission, stated he was going to request delay of the impending relocation due to unresolved issues related to accessibility for persons with disabilities. This statement was made in the presence of Plaintiff Hudson.

20. Michigan Governor Rick Snyder communicated his support in "maintaining the integrity of the current stop locations" in a letter to Mr. Tom Naughton, CEO of the Wayne County Airport Authority and to Mr. Michael Ford, CEO of the Ann Arbor Area Transportation Authority dated June 11, 2014. (**Exhibit-A**, Letter from Governor Snyder).

21. Plaintiffs, and others similarly situated, wish to continue using transportation services to and from the airport, such as SMART and AirRide, but they will be effectively barred due to the inaccessibility of the location for disabled persons.

22. In short, the current transportation stop at the International Arrivals Level of the McNamura Terminal is accessible to disabled individuals, and the impending action announced by Defendant to move that transportation stop to the GTC is not accessible to disabled individuals, needlessly and recklessly subjects them to bodily injury, and is patently in violation of the ADA.

**COUNT I**

**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT.**

23. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 22, inclusive.

NT
NYMAN
TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

24. In enacting the ADA, Congress expressly determined that society tends to isolate and segregate people with disabilities; that individuals with disabilities continually encounter prejudice and discrimination, including outright exclusion and the failure to eliminate exclusionary criteria; that this nation should assure equality of opportunity for all participation, independent living, and economic self-sufficiency to individuals with

disabilities; and that continuing discrimination impedes them from competing on an equal basis and pursuing opportunities available to other citizens. 42 U.S.C. § 12101(a)

25. The express purpose of the ADA is "to provide a clear and comprehensive national mandate for eliminating discrimination against individuals with disabilities; to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and to ensure that the federal government plays a central role in enforcing the standards established in the Act on behalf of individuals with disabilities." 42 U.S.C. § 12101(b).

26. The Plaintiffs are individuals who constitute "qualified individual(s) with a disability" under the ADA.

27. The Defendant, to the extent that it is a government chartered entity, is subject to Title II of the ADA.

28. Title II of the ADA states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination by any such entity." 42 U.S.C. § 12132.

29. Through the acts set to take place on September 22, 2014, Defendant has acted in disregard of Plaintiffs' disabilities, effectively planning to subject them to discrimination by forcing them to use an inaccessible area, in violation of the ADA.

NT
NYMAN
TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

30. Moving public transportation service locations to the GTC denies Plaintiff's the right to equal access, in violation of Title II of the Americans with Disabilities Act.

31. Defendants' announced course of conduct is in violation of the equal access and nondiscrimination requirements set forth in Title II of the ADA, and will result in injury

to Plaintiffs, and others similarly situated, if the Defendant is not prevented from implementing its plan

32. Unless enjoined from doing so, Defendant's actions will inflict irreparable injuries for which Plaintiffs have no adequate remedy at law.

**COUNT II**

**VIOLATION OF TITLE V OF THE AMERICANS WITH DISABILITIES ACT.**

33. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 32, inclusively.

34. Title V of the Americans with Disabilities Act states in pertinent part that "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. 12203(b).

35. Through the acts and omissions alleged herein, Defendant has acted to interfere with Plaintiff's exercise or enjoyment of rights granted or protected by the ADA, specifically by interfering with Plaintiff's right to equal access and nondiscrimination, in utilizing public transportation services at DTW.

NYMAN TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

36. The Defendant, by implementing their planned move of public transit services on September, 22, 2014 to in an inaccessible location, will have "interfered" with the Plaintiff's federally protected rights to access public transportation in violation of the ADA, as Smartbus and AirRide will be forced by the Defendant to pick up the Plaintiffs, and others similarly situated, in a dangerous manner, and in an environment devoid of adherence to the ADA.

37. Plaintiffs hereby allege that in knowingly forcing them, and those similarly situated, to access public transportation services through an inaccessible and dangerous location, the Defendant has acted with "discriminatory animus," needlessly subjecting the persons with disabilities to the potential for loss of life and limb.

WHEREFORE, Plaintiff requests the relief set forth below.

**PRAYER FOR RELIEF**

Plaintiffs pray for the following relief:

38. A declaration that Defendant Wayne County Airport Authority's announced course of action unlawfully violates Plaintiff's rights under the Americans with Disabilities Act of 1990.

39. A temporary restraining order and/or preliminary injunction enjoining the Wayne County Airport Authority's relocation of public transportation to the Ground Transportation Center, until such time as the GTC, or an alternative location, can be made accessible to qualified individuals with disabilities requesting reasonable accommodations.

40. A permanent injunction preventing Defendant from implementing their announced plan to move SMART and AirRide from the current location at the Arrivals Level of the McNamura Terminal to the Ground Transportation Center.

NT
NYMAN
TURKISH PC
20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

41. Reasonable Attorneys fees and costs for the prosecution of this matter.

42. Although the Plaintiff seeks no compensatory damages at this time, Plaintiff wishes to reserve the right to amend and request compensatory damages should it come necessary to encourage Defendant to comply with federal law.

43. All other relief that this Court deems just and proper.

Respectfully submitted,

NYMAN TURKISH PC

/s/ Jason M. Turkish
By:   Jason M. Turkish, Michigan Bar #P76310
20700 Civic Center Drive, Suite 115
Southfield, Michigan 48076
Phone: (248) 284-2480
Fax:  (248) 262-5024
Jason.Turkish@NymanTurkish.com

*Co-Counsel for Plaintiffs*

By:   Melissa M. Nyman, California Bar #293207
5800 Stanford Ranch Road, Suite 720
Rocklin, California 95765
Phone: (916) 218-4340
Fax:  (916) 218-4341
Melissa.Nyman@NymanTurkish.com

Dated: September 19, 2014          *Co-Counsel for Plaintiffs*



## VERIFICATION

Michael Harris, under penalty of perjury of the laws of the United States, states: That he is the named Plaintiff in the above-styled Verified Complaint; that he has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that to the best of his knowledge, information, and belief the allegations thereof are true and correct.

Michael Harris

Subscribed and sworn to before me this 17th Day of September, 2014

Notary Public

20700 Civic Center Dr.
Suite 115
Southfield, MI 48076
P: (248) 284-2480

**VERIFICATION**

Karla Hudson, under penalty of perjury of the laws of the United States, states: That she is the named Plaintiff in the above-styled Verified Complaint: that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that to the best of her knowledge, information, and belief the allegations thereof are true and correct.

Karla Hudson

Subscribed and sworn to before me this 18th Day of September, 2014

David G. Smith
Notary Public
DAVID G. SMITH

DAVID G SMITH
Notary Public - Michigan
Ingham County
My Commission Expires Sep 2, 2019
Acting in the County of ________


20700 Civic Center Dr
Suite 115
Southfield, MI 48076
P: (248) 284-2450